IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES of AMERICA,

        Plaintiff,

vs.

COREY L. CORNELIUS, and
PALMER L. MOORE, JR.,

        Defendants.

Criminal Action

Case No. 07-10100-01-02-JTM

**MEMORANDUM AND ORDER**

This matter comes before the court on defendants Corey Cornelius and Palmer Moore's various motions. The court conducted a full hearing on the motions, and made several rulings from the bench. This order serves to memorialize those findings.

Defendant Cornelius' motion to dismiss the indictment (Dkt. No. 20), and motion to sever defendants (Dkt. No. 21) are denied. Defendant Cornelius' motion for discovery (Dkt. No. 49) is granted, insofar that the government is ordered to turn over the requested discovery by October 26, 2007. Defendant Cornelius' motion for authorization of use of funds to retain a private investigator (Dkt. No. 43) is granted for reasonable costs.

Defendant Moore's motion to suppress (Dkt. No. 36) is denied. Defendant Moore's motion in limine, preventing the introduction of prior crimes or reference to the CODIS database (Dkt. No. 53) is moot upon stipulation by the parties.

Defendant Cornelius and Moore's joint motion in limine (Dkt. No. 50) preventing in-court identification is denied.

Defendant Cornelius' Motion to Suppress Evidence (Dkt. No.. 22) is denied.  The court finds that the magistrate judge had sufficient facts under the totality of the circumstances to support probable cause to issue the warrant.  Further, even if the warrant was not supported by probable cause, the warrant would still be permissible under the good faith exception.

Cornelius made an additional argument in his motion to suppress, contending that the DNA analysis of the DNA swab went beyond the scope of the warrant and thus violated the Fourth Amendment.  Cornelius analogized the DNA sample and treatment of it under the law to the seizure of a computer and its internal hard drive.  A hard drive and a DNA sample both contain information which may be the subject of a specific investigation and resulting search warrant, yet may also contain vast amounts of information bearing no relevance to the investigation and therefore not covered by the search warrant.  Because some courts have held that a warrant must be obtained prior to the search of a hard drive of a previously-seized computer unless exigent circumstances exist, Cornelius argues that a warrant must also be obtained to analyze the DNA material gathered pursuant to a search warrant.

Although Cornelius raises an interesting point regarding the sensitivities of the Fourth Amendment, his argument must fail.  While a hard drive on a computer has various components and different uses, a DNA swab without analysis is virtually useless.  Accordingly, it is inherent in the

warrant for the DNA swab that an analysis of the resulting sample will be conducted.  As such, defendant's motion to suppress (Dkt. No. 22) is denied.

       IT IS ACCORDINGLY ORDERED this 6th day of November 2007.

                                                  s/ J. Thomas Marten
                                                  J. THOMAS MARTEN, JUDGE